RALPH B. GUY, Jr.,
concurring.
I concur in the result and write separately to clarify my reasons for affirming the denial of Alcan’s motion for summary judgment. Alcan argued that the ALJ’s finding concerning “actual notice” collaterally estopped plaintiff from relitigating whether Alcan had notice of the alleged work-relatedness of plaintiffs condition before he was discharged. Absent such notice, Alcan argued, plaintiff could not establish that he was discharged in retaliation for pursuing a workers’ compensation claim.
Collateral estoppel, or issue preclusion, bars further litigation of an issue if the issue is the same in both cases, the issue was actually litigated and decided in the first case, and decision on the issue was “necessary to the judgment” in the first case. Yeoman v. Commonwealth, 983 S.W.2d 459, 465-66 (Ky.1998). “Notice” was an issue in the workers’ compensation case because the statute requires an employee to give written notice of an injury “as soon as practicable.” Ky. Stat. Ann. § 342.185(1) and § 342.190. Alcan denied that it knew Bullard was claiming his condition was work-related. The ALJ found both that plaintiff believed the letter conveyed the work-relatedness of his condi *695 tion and that Alcan logically perceived it to indicate a non-work-related condition. After weighing conflicting testimony about whether plaintiff told his supervisors or others that his neck condition was caused by his work, the ALJ found that: “Actual notice to the defendant-employer occurred with the filing of the Form 101 on April 26, 2000.” In this context, and given that the finding did not rest on the lack of a writing or other statutory requirements for giving notice, I would say the issue of Alcan’s notice was the same in both cases and was actually litigated and decided in the workers’ compensation case.
Nonetheless, I would conclude, as did the district court, that the “notice” issue was not necessary to the judgment in the workers’ compensation case because that decision rested on the finding that the delay in giving notice was excusable and did not bar the workers’ compensation claim. Alcan argued that this was wrong because timely notice is an absolute requirement for workers’ compensation claims. In particular, Alcan relied on the decision of the Kentucky Supreme Court, issued during the pendency of this appeal, affirming in part and reversing in part the judgment in the workers’ compensation case. The Court confirmed that the issue of notice can be dispositive and affirmed the ALJ’s factual finding concerning actual notice, but held that plaintiffs mistaken perception concerning notice was not excusable cause for the delay. That did not end the matter, however, as the Court remanded for determination of whether Alcan was misled to its prejudice by the failure to receive timely notice. See Ky. Stat. Ann. § 342.200 (“notice shall not be invalid or insufficient because of any inaccuracy in complying with KRS 342.190 unless it is shown that the employer was in fact misled to his injury thereby”). While the decision reopened the question of whether the delay would bar the workers’ compensation claim, it did not alter the fact that the issue of actual notice was not “necessary to the judgment.” In fact, this remains true as the ALJ has recently issued a decision on remand finding that Alcan was not prejudiced by the failure to receive timely notice and, therefore, plaintiffs workers’ compensation claim was not barred.